

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 8, 2022

**By ECF**
Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Kent Moser*, 21 Cr. 524 (GHW)

Dear Judge Woods:

      The Government respectfully submits this letter in advance of sentencing, which is scheduled for August 15, 2022. Kent Moser has pleaded guilty to one count of possessing child pornography. As explained below, the Government believes that a sentence below the Guidelines Range of 78 to 97 months' imprisonment, followed by a five-year term of supervised release would be an appropriate sentence in this case. The Probation Department agrees with the parties' Stipulated Guidelines Range and recommends a below-Guidelines sentence of 48 months' imprisonment, followed by five years of supervised release.

      **I.**    **Background**

      In July 2020, the defendant used an online, peer-to-peer file sharing network to attempt to download three child pornography videos. The children depicted in these videos were between the ages of four and sixteen. The defendant's request to download these videos was made, unknown to the defendant, to a law enforcement computer that was operating on the network. In October 2020, Federal agents obtained a warrant to search the defendant's Manhattan apartment.

      During the search of the defendant's residence, agents recovered a laptop computer that was connected to the peer-to-peer network described above, and more than thirty external storage devices. A review of four of the storage devices revealed approximately 6000 child pornography images and 2000 child pornography videos. The content of the images and videos on the defendant's devices included the sexual exploitation of infants and toddlers, as well as child-on-child sex acts, adult-on-child sex acts, and incidents of bondage. The review of the defendant's devices did not produce evidence that the defendant had either produced or distributed child pornography.

      The defendant was charged by complaint in March 2021 in two counts with receiving and possessing child pornography. He surrendered on March 23, 2021 and was released on bail. On August 17, 2021, he was indicted in a two-count indictment that charged the same offenses. On

April 13, 2022, pursuant to a plea agreement, he pleaded guilty to Count Two, which charged him with possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

The parties stipulated in their plea agreement, and Probation reached the same conclusion in the PSR, that defendant's offense level is 28 and his criminal history category is I, which results in a Guidelines Sentencing Range of 78 to 97 months.

## II.   Discussion

The Government respectfully submits that a significant but below-Guidelines period of incarceration is warranted and appropriate in this case, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant. The defendant's conduct is very serious. See, e.g., *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 244 (2002) ("The sexual abuse of a child is a most serious crime and an act repugnant to the moral instincts of a decent people."); *New York v. Ferber*, 458 U.S. 747, 757 (1982) ("The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance."). The volume of child pornography at issue in this case is staggering. When his apartment was searched in October 2020, the defendant possessed thousands of images and videos of child pornography on his various storage devices. The violence toward children depicted in the videos is horrific. A substantial prison sentence, therefore, is necessary to reflect the seriousness of the offense. But a substantial sentence is also necessary to afford adequate deterrence to criminal conduct, both specific and general.

Although this is the defendant's first arrest and criminal prosecution, the charged conduct here is not the product of a one-time lapse in judgement. Rather, it is the consequence of a persistent pattern of behavior that continued for decades. The defendant has acknowledged that he collected and viewed thousands of files containing child pornography dating back at least twenty years. There can be no question that the defendant knew his conduct was wrong, that it was illegal, and that his actions contributed to the abuse of more and more children. During two decades of collecting child pornography, he had every opportunity to quit and delete his collection. He never did so. The way the defendant was caught here, using a specific peer-to-peer network designed to anonymize users, shows that absent the intervention of federal law enforcement agents, his collection would still be growing today.

### III. Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a below-Guidelines incarceratory sentence. The requested sentence would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing in this case.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Andrew Jones
Assistant United States Attorney
(212) 637-2249

cc: Kelley Sharkey, Esq. (by ECF)