UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

KENT MOSER,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/15/2022

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO
SPECIFIC PROPERTY

21 Cr. 524 (GHW)

WHEREAS, on or about August 17, 2021, KENT MOSER (the "Defendant"), was charged in a two-count Indictment, 21 Cr. 524 (GHW) (the "Indictment"), with receipt of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2)(B) and 2252A(b)(1) (Count One); and possession of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2) (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 2253, of any and all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in Counts One and Two of the Indictment, and any and all property, real or personal, used or intended to be used to commit or promote the commission of the offenses charged in Counts One and Two of the Indictment or traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, and the following specific property:

    a. Infinity hard drive, no serial number;

    b. Toshiba hard drive, serial number Y9S8F7NJSHH9;

    c. Seagate hard drive (2 TB), serial number NA77J0ZD;

    d. Seagate hard drive (2 TB), serial number NA7K2K27;

e. MacBook Pro laptop computer, serial number C02JG0ZWDKQZ;

f. Seagate hard drive (1 TB), serial number NA7G837K;

g. Lacie hard drive, serial number 15241302071071QR;

h. Orico/Seagate hard drive (4 TB), serial number Z3044Z3L;

i. Orico hard drive, no serial number;

j. Samsung hard drive (500 GB), serial number S0MUJ1NP700709;

k. Kingston hard drive, serial number JS010104140072901181;

l. Hitachi Deskstar hard drive, serial number PAGD1MXA;

m. Seagate hard drive, serial number NA5BJWFO;

n. Toshiba hard drive, serial number 52L3S2Y1SSX3;

o. WD hard drive, serial number WXE907601484;

p. Lacie hard drive, serial number L296911131849K;

q. WD Easystore hard drive, serial number WXG2D20HXAJU;

r. Lacie hard drive, serial number 13331004200086E;

s. WD Easystore hard drive, serial number WXF2E208MCCE;

t. Sandisk storage device (32 GB), serial number BM1012213529G;

u. Sandisk storage device (512 GB), no serial number;

v. Apple reinstall drive, no serial number;

w. Red USB storage device, no serial number;

x. Kingston storage device (16 GB), no serial number;

y. Sandisk storage device (32 GB), no serial number;

z. WD Easystore hard drive, serial number WXU1A58LVJ34;

aa. Silver and black USB storage device, no serial number;

bb. Apple iPhone, serial number BCGE2946A;

cc. Apple iPhone, no serial number;

dd. Apple iPad mini, serial number F4KMDM8NFCMS;

ee. Apple iPad, serial number DMPPVDWKG5VI;

   ff. Apple MacBook laptop computer, serial number C02GGNK2DRJ9;

   gg. Apple MacBook laptop computer, black with model number A1181;

   hh. Apple MacBook laptop computer, with model number A1052;

   ii. Apple MacBook laptop computer, serial number C02PH32VGCN4;

   jj. Apple computer, serial number C07CRNM6DD6H;

   kk. Lacie hard drive, serial number 301343U191102499;

   ll. Apple MacBook laptop computer, serial number C02DM3EPDDRZ;

   mm. Seagate hard drive (2 TB), serial number NA7KD71K;

   nn. Samsung hard drive (500 GB), serial number S0MUJ1PP315309;

   oo. Hitachi hard drive (500 GB), serial number R40PW9SC; and

   pp. WD hard drive, no serial number.

(a. through pp., collectively, the "Specific Property");

   WHEREAS, on or about April 13, 2022, the Defendant pled guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government wherein the Defendant agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all right, title and interest of the Defendant in the Specific Property;

   WHEREAS, the Defendant consents to the forfeiture of all of his right, title and interest in the Specific Property, which constitutes property used in or intended to be used in the offense charged in Count Two of the Indictment; and

   WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Andrew Jones, of counsel, and the Defendant, and his counsel Kelley Sharkey, Esq., that:

1. As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, KENT MOSER, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice

on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

10. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____    8/15/2022
ANDREW JONES                              DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2249


KENT MOSER

By: _____    8-15-2022
KENT MOSER                                DATE


By: _____    8-15-2022
KELLEY SHARKEY, ESQ.                      DATE
Attorney for Defendant
26 Court Street, Suite 2805
Brooklyn, NY 11242


SO ORDERED:

_____         8/15/2022
HONORABLE GREGORY H. WOODS                DATE
UNITED STATES DISTRICT JUDGE